**UNIVERSAL MORTGAGE CO., INC.,**
Plaintiff/Appellant,

v.

**PRUDENTIAL INSURANCE COMPANY,**
and Does I through XX, inclusive,
Defendants/Appellees.

No. 85–1558.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 17, 1986.

Decided May 30, 1986.

John M. Daley, Berliner, Cohen & Biagini, San Jose, Cal., for plaintiff-appellant.

Craig S. Simon, Melody Mosley, Berger, Kahn, Shafton & Moss, Newport Beach, Cal., for defendants-appellees.

Before FARRIS and BOOCHEVER, Circuit Judges, and KEEP, District Judge.*

BOOCHEVER, Circuit Judge:

Universal Mortgage Company (Universal) appeals the district court's denial of leave to amend its complaint and the award of summary judgment in favor of Prudential Insurance Company (Prudential). Universal contends that Prudential unlawfully failed to pay insurance benefits under a

* Judith N. Keep, United States District Judge for the Southern District of California, sitting by

designation.

policy in which Universal was named loss payee. Because Universal's debt was extinguished when upon foreclosure it bid the full amount due, we affirm.

## FACTS

On June 26, 1981, Ernest DaRoza executed a deed of trust on residential property. The deed of trust secured a loan made by Universal to DaRoza for $76,000. Prudential issued a fire and casualty insurance policy covering the property at issue and naming Universal as beneficiary under a "lender's loss payable endorsement." Prudential agreed to pay any covered losses under the policy directly to Universal.

DaRoza defaulted on the loan and on September 9, 1982, the trustee issued a Notice of Trustee's Sale. Universal sent its agent, Ricky Patton, to post a notice of the trustee's sale on the property and to inspect the property for damage. The deed of trust provided that the mortgagee has a right of entry in the event that DaRoza failed to make his required payments. Patton attempted to enter the residence to inspect it but was unable to do so. Based on external observations, he issued a "statement of property condition" which described the physical condition as "good."

At the trustee's sale on October 12, 1982, Universal entered a bid for the full amount due under the promissory note, plus expenses of foreclosure, or $85,868.66. No other bids were made and Universal became the successful bidder.

Following the sale, Universal discovered that the interior of the property had been damaged by removal of most of the fixtures and appliances. After Universal's discovery of the damage to the property, the trustee executed a trustee's deed for the amount of the bid entered by Universal. Universal subsequently resold the property in its damaged condition for $70,915.

Pursuant to the fire and casualty policy, Universal made a claim for its out-of-pocket loss of $14,953.66. Prudential denied the claim on the ground that Universal's full credit bid extinguished the underlying debt, thus barring any recovery of insurance proceeds.

Universal filed suit in state court, and Prudential successfully removed the case to the United States District Court, Northern District of California. Prudential then moved for summary judgment on the ground that Universal was not entitled to the proceeds of the insurance policy where the debt, serving as security, had been extinguished by Universal's successful full credit bid on the property. Universal made a cross motion for summary judgment and moved for leave to amend its complaint to add a claim for reformation of the trustee's deed. Universal sought to reform the trust deed to state the fair market value of the property on the ground that the full credit bid entered at the sale was based upon a mistake of fact regarding the condition of the property.

The trial court granted Prudential's motion for summary judgment and denied Universal's cross motion for summary judgment and its motion for leave to amend its complaint.

## I. Denial of Leave to Amend Complaint

Universal alleges that its full credit bid was based upon a reasonable mistake of fact as to the value of the property and asks the court leave to amend its complaint to add a claim for reformation of the trustee's deed to reflect the actual fair market price. Universal asserts that if the panel were to reverse the district court and allow the amendment and reformation of the deed, Universal's security would be impaired, and it would thus have an insurable interest covered by Prudential.

We review the district court's denial of leave to amend for abuse of discretion. *Dan Caputo Co. v. Russian River County Sanitation District,* 749 F.2d 571, 574 (9th Cir.1984). Although leave to amend "shall be freely given when justice so requires," Fed.R.Civ.P. 15(a), it may be denied if the proposed amendment either lacks merit or would not serve any purpose because to grant it would be futile in saving the plaintiff's suit. *Foman v. Davis,*

371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Dan Caputo Co.*, 749 F.2d at 574. At issue is thus whether Universal's proposed claim for reformation of the deed of trust is futile.

Section 3399 of the California Civil Code, Cal.Civ.Code § 3399 (West 1970), states with respect to reformation:

When, through fraud or a mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved, so as to express that intention, so far as it can be done without prejudice to rights acquired by third persons, in good faith and for value.

Reformation is only appropriate to effectuate a common intention of the parties that was incorrectly reduced to writing; it is not an appropriate remedy to alter a contract that would not have been entered into at all save for a mistake. *Lemoge Electric v. County of San Mateo*, 46 Cal.2d 659, 663, 297 P.2d 638, 640–41 (1956); B. Witkin, 1 *Summary of California Law*, Contracts § 304, at 255–56 (8th ed. 1973); *see also Anderson v. Yousem*, 177 Cal.App.2d 135, 143, 1 Cal.Rptr. 889, 894 (1960). Reformation is not proper here because there was no mistake made in reducing the agreement to writing. Universal *intended* to make a full credit bid and the trustee intended to accept the full credit bid.

## II. Right of Recovery After Full Credit Bid

■ We turn next to the issue of whether the entry of a full credit bid at a foreclosure sale bars recovery under a casualty insurance policy. The district court found that

[o]nce the debt was extinguished at the time of the bid, so was the plaintiff's insurable interest.... In addition, ... plaintiff had the ability to secure its interest by gaining entry to the premises prior to making its bid. Yet plaintiff failed to exercise this legal right. Therefore it is inappropriate here to embrace

plaintiff's proposed exception to the California rule on the impact of the full credit bid. Accordingly, this court finds that there is no genuine issue of material fact and that defendant is entitled to judgment as a matter of law.

We review *de novo* the district court's grant of summary judgment in favor of Prudential. *Grigsby v. CMI Corp.*, 765 F.2d 1369, 1373 (9th Cir.1985).

A full or partial extinguishment of a mortgage debt, whether prior or subsequent to loss, precludes, to the extent thereof, any recovery on a loss by the loss payable mortgagee. *Rosenbaum v. Funcannon*, 308 F.2d 680, 684 (9th Cir.1962) (citing with approval *Reynolds v. London & Lancashire Fire Insurance Co.*, 128 Cal. 16, 60 P. 467 (1900) and *Power Building & Loan Association v. Ajax Fire Insurance Co.*, 110 N.J. Law 256, 164 A. 410 (1933)). Universal seeks an exception to this rule, asserting that when the loss payable mortgagee has no actual or constructive knowledge of a loss at the time of a full credit bid, the mortgagee should not be precluded from recovering.

The district court, however, explained that

examination of the controlling authority reveals that actual or constructive knowledge is irrelevant to the policy or application of the rule. Neither the true value of the subject property nor the conduct of the beneficiary controls the impact of a full credit bid. Once the debt was extinguished at the time of the bid, so was plaintiff's insurable interest.

In *Reynolds*, a mortgagee entered a full credit bid at a foreclosure sale *before* any damage to the insured property occurred. The court determined that a mortgagee named in the insurance policy could not recover after making such a bid because the mortgagee's interest on the policy was limited to the lien or debt. Once the lien or debt was fully extinguished by the full credit bid, so was the insurable interest. *Reynolds*, 128 Cal. at 20–21, 60 P. at 469.

Similarly, in *Rosenbaum* we clarified that the loss-payees may recover on an

insurance policy after the deed of trust is extinguished at a trustee's sale as long as a portion of the debt remains. If, however, the debt is fully extinguished either *prior* or subsequent to the loss, then recovery by the loss payee is precluded. *Rosenbaum*, 308 F.2d at 684 (where damage occurred prior to full bid at trustee's sale, recovery from insurance company is nonetheless precluded because the debt is extinguished); *see also Cornelison v. Kornbluth*, 15 Cal.3d 590, 606, 125 Cal.Rptr. 557, 568, 542 P.2d 981, 992 (1975) (where plaintiff causes property to be sold at a trustee's sale and purchases it by full credit bid, plaintiff cannot establish impairment of the security, by which damages for waste would be measured, because his lien has been extinguished by his full credit bid and all his security interest in the property is thereby nullified).

Whether the loss occurs after the trustee's sale as in *Reynolds* or before the trustee's sale as in *Rosenbaum*, the California rule of law remains the same, that a full credit bid precludes any recovery by a mortgagee under an insurance policy. Actual or constructive knowledge of property damage prior to a full credit bid is irrelevant because the full credit bid, once made, extinguishes the debt secured by the insurance policy.

Universal relies on *Cornelison* to support its contention that the entry of a full credit bid at a foreclosure sale does not bar the recovery of insurance proceeds where the mortgagees had no actual or constructive notice of the damage. Universal's reliance on *Cornelison*, however, is misplaced. The case provides support for just the opposite:

> Where an indebtedness secured by a deed of trust covering real property has been satisfied by the trustee's sale of the property on foreclosure for the full amount of the underlying obligation owing to the beneficiary, the lien on the real property is extinguished. In such event, the creditor cannot subsequently recover insurance proceeds payable for damage to the property....

*Cornelison*, 15 Cal.3d at 606, 125 Cal.Rptr. at 568, 542 P.2d at 992 (citations omitted).

Thus there is no basis for an exception to the California rule that entry of a full credit bid at a foreclosure sale bars recovery under a casualty insurance policy, and the district court's grant of summary judgment for Prudential is affirmed.

AFFIRMED.