**333 WEST THOMAS MEDICAL BUILD-ING ENTERPRISES, an Arizona general partnership, Plaintiff,**

v.

**John SOETANTYO and Queenie Soetantyo, husband and wife, Defendants.**

**No. CIV–93–2268–PHX–SMM.**

United States District Court, D. Arizona.

May 17, 1995.

Order Denying Reconsideration June 19, 1997.

David F. Gaona, Frances J. Haynes, Gaona & Haynes, Phoenix, AZ, for 333 West Thomas Medical Bldg. Enterprises.

Michael P. Anthony, Wallace L. Larson, Cheryl Tidd Farson, Carson Messinger Elliott Laughlin & Ragan, Phoenix, AZ, for John Soetantyo, Queeny Soetantyo.

## MEMORANDUM OF DECISION AND ORDER

McNAMEE, District Judge.

## I. INTRODUCTION

Plaintiff was the beneficiary under a deed of trust executed by Defendants for the purchase of a medical building. Plaintiff's amended complaint alleges: (1) legal waste pursuant to Arizona Revised Statute section 33–815; (2) negligence; (3) breach of fiduciary duty; and (4) breach of contract. Defendants moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff responded in opposition and filed a cross-motion for summary judgment. The parties fully briefed the motions, and the Court heard oral argument on May 15, 1995.

## II. STANDARD OF REVIEW

The Court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Substantive law determines which facts are material. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* The dispute must also be genuine, that is, "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex*, 477 U.S. at 323–24, 106 S.Ct. at 2553. Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2552. The moving party need not disprove matters on which the opponent has the burden of proof at trial. *Id.* at 317, 2549–50. The party opposing summary judgment "may not rest upon the mere allegations or denials of [the party's] pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(e).

## III. FACTUAL BACKGROUND

In 1986, Defendants executed a promissory note and deed of trust in favor of Plaintiff to structure the purchase of a medical building from Plaintiff. In 1989, Defendants executed a second deed of trust in favor of the Stuart Hudson Trust ("Hudson").

Defendants retained George Shunk ("Shunk") to manage the properties that Defendants owned, including the medical building. Defendants paid Shunk a flat monthly fee. Shunk collected rents, paid utilities, and arranged for maintenance to be performed on the building.

On October 7, 1992, Hudson foreclosed on the second deed of trust. Plaintiff received notice of the foreclosure. Plaintiff's lawyer monitored the foreclosure and kept Plaintiff apprised.

Following the Hudson foreclosure, Hudson took no responsibility for management of the building. Shunk continued to manage the building. Shunk visited the building after a severe wind and rain storm on December 5, 1992. Shunk observed that drains on the roof had clogged with debris, causing water to collect upon the roof. Shunk removed the debris and reported the damage to Fireman's Fund Insurance Company ("Fireman's Fund").

On April 30, 1993, Plaintiff foreclosed on the first deed of trust. Plaintiff's lawyer, acting in his capacity as trustee, conducted a foreclosure sale of the building. Plaintiff, without inspecting the building, tendered a full-credit bid of $395,123.61. Subsequently, Plaintiff sold the property for $340,000.00

and collected $52,000.00 under the Defendants' Fireman's Fund insurance policy for back taxes.

## IV. DISCUSSION

Defendants argue that Plaintiff cannot recover for waste pursuant to Arizona Revised Statute section 33–806 or for other damages to Plaintiff's deed of trust interest because the full-credit bid fully satisfied Plaintiff's interest. Defendants further argue that even if Plaintiff were entitled to maintain a waste action under section 33–806, Defendants are not proper parties to such an action.

Section 33–806 provides that a beneficiary under a deed of trust has the right to maintain an action for:

1. Physical abuse to or destruction of the trust property, or any portion thereof;
2. Waste; or
3. Impairment of the security provided by the trust deed.

Ariz. Rev. Stat. Ann. § 33–806 (1990). Section 33–806 further provides that its provisions are not limited or restricted by the provisions of section 33–814. *Id.*

Section 33–814, Arizona's anti-deficiency statute, governs actions to recover balances remaining after foreclosure under a deed of trust. *See* Ariz. Rev. Stat. Ann. § 33–814 (Supp.1994). Section 33–814 limits any deficiency judgment to an amount equal to the amount owed the beneficiary less the fair market value of the property or the sale price at the trustee's sale, whichever is higher. *Id.*

■ Plaintiff argues that the cap limiting deficiency judgments to the difference between the amount owed and the fair market value or the sale price does not preclude its waste action because section 33–806 excludes the application of section 33–814 from waste actions. The Court agrees that 33–814 does not prohibit Plaintiff's action for waste. *See In re Evergreen Ventures v. McDonald,* 147

B.R. 751, 759 (Bankr.D.Ariz.1992) However, the very definition of a waste action precludes Plaintiff from recovering against Defendants.

■ An act of waste may be either voluntary or permissive. Voluntary waste typically results from the destruction, alteration, or removal of buildings or natural resources. *Jowdy v. Guerin,* 10 Ariz.App. 205, 457 P.2d 745, 748 (1969); *see also Evergreen,* 147 B.R. at 755. Permissive waste generally results from the failure to exercise ordinary care to preserve and protect the property. *Jowdy,* 457 P.2d at 748; *Evergreen,* 147 B.R. at 755. A party seeking to recover for waste must establish: (1) an act constituting waste; (2) performed by one legally in possession; (3) that injures another's interest. *Jowdy,* 457 P.2d at 748; *Evergreen,* 147 B.R. at 755.

■ Even assuming that Plaintiff is able to establish that Shunk committed waste while acting on behalf of Defendants, Plaintiff has offered no facts demonstrating that its interest was injured. In *Cornelison v. Kornbluth,* 15 Cal.3d 590, 125 Cal.Rptr. 557, 562, 542 P.2d 981, 986 (1975)[1], the California Supreme Court explained that an action for waste brought by a beneficiary under a deed of trust is based upon the assumption that the trust deed as security has been impaired. Accordingly, the measure of damages for waste is the amount by which the security is impaired—that is, the amount by which the value of the security is less than the outstanding indebtedness. *Id.* 542 P.2d at 992. Thus,

If the beneficiary ... at the foreclosure sale enters a bid for the full amount of the obligation owing to him together with the costs and fees due in connection with the sale, he cannot establish any impairment of security, the lien of the deed of trust ... having been theretofore extinguished by his full credit bid and all his security interest in the property thereby nullified.

1. Absent Arizona law, Arizona courts look to California cases for guidance because Arizona adopted many of its redemption and mortgage statutes from California. *Baker v. Gardner,* 160 Ariz. 98, 770 P.2d 766, 770 (1988). Defendant argues that *Cornelison* is inapposite because California's waste statute did not exclude application of the anti-deficiency statute from waste actions

as Arizona's statute does. This distinction is irrelevant, however, because Defendants do not cite *Cornelison* for the proposition that an anti-deficiency statute precludes the instant action. Rather, *Cornelison* is instructive on the measure of damages available under a statutory waste action.

*Id.* 542 P.2d at 993; *see* also *Universal Mortgage Co. v. Prudential Ins. Co.,* 799 F.2d 458, 460–61 (9th Cir.1986) (precluding mortgagee's recovery of insurance proceeds for property damage where mortgagee made a full—credit bid at trustee's sale). This result does not burden the beneficiary but merely requires the beneficiary to enter a credit bid in an amount equal only to what the beneficiary assesses the fair market value of the property to be, given its condition at the time of the trustee sale. *Cornelison,* 542 P.2d at 993. If that amount is less than the outstanding indebtedness, the beneficiary may pursue an action for waste. *Id.* If that amount is equal to the amount of the outstanding indebtedness, the debt is satisfied completely. *Id.*

■ In the instant case, the amount owing to Plaintiff at the time of the trustee sale was $395,123.61. Without inspecting the property, Plaintiff tendered a full-credit bid of $395,123.61, thereby extinguishing the debt. Accordingly, Plaintiff has received all that it is entitled to. Although Plaintiff may have incurred expenses in renovating the building and paying back taxes after the trustee's sale, Plaintiff should have considered any required expenses prior to placing its full-credit bid.

Because Plaintiff tendered a full-credit bid, Plaintiff cannot establish damages necessary to maintain a waste action. The Court therefore grants Defendants summary judgment on Plaintiff's claim for waste.

Plaintiff's remaining claims for negligence, breach of contract, and breach of fiduciary duty are also predicated entirely upon its interest under the deed of trust. However, Defendants' obligations under the deed of trust were fully and expressly satisfied by the full-credit bid received at the trustee sale. Because Plaintiff has failed to demonstrate that its interest under the deed of trust was damaged, it has failed to establish an element essential to each of its remaining claims. *See GN Mortgage Corp. v. Fidelity Nat'l Title Ins. Co.,* 21 Cal.App.4th 1802, 27 Cal.Rptr.2d 47, 51 (1994) (barring lender's claims for fraud, conversion, negligence, and breach of contract because full-credit bid established that lender suffered no damages). Defendant is therefore entitled to summary judgment.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Cross–Motion for Summary Judgment is DENIED.

## MEMORANDUM OF DECISION AND ORDER ON RECONSIDERATION

### I. INTRODUCTION

Pending before the Court is Plaintiff's Motion for Reconsideration and/or Motion for New Trial. Plaintiff asks this Court to reconsider its Memorandum of Decision and Order ("Memorandum Order") dated May 16, 1995, awarding summary judgment in favor of Defendants.

### II. BACKGROUND

Defendants executed a promissory note and deed of trust in favor of Plaintiff to structure the purchase of a medical building from Plaintiff. Defendants later executed a second deed of trust in favor of the Stuart Hudson Trust ("Hudson").

On October 7, 1992, Hudson foreclosed on the second deed of trust. On April 30, 1993, Plaintiff foreclosed on the first deed of trust. Plaintiff's lawyer, acting in his capacity as trustee, conducted a foreclosure sale of the building. Plaintiff tendered a full-credit bid without inspecting the building.

Plaintiff, asserting its beneficial interest under the deed of trust, initiated this action against Defendants alleging: (1) statutory waste; (2) negligence; (3) breach of fiduciary duty; and (4) breach of contract. Plaintiff claimed that it was entitled to recover for expenditures required to renovate the property after the trustee's sale.

The parties presented the Court with motions for summary judgment addressing the following issues: (1) whether Plaintiff's full-credit bid bars Plaintiff as beneficiary under the deed of trust from pursuing a waste action under Arizona Revised Statute section 33–806 for damages to Plaintiff's deed of

trust interest; and (2) whether Plaintiff may pursue an action against Defendants for alleged waste to the property that occurred after the Defendants lost title, possession, and control over the property. After reviewing the briefs submitted and hearing oral argument on the motions, the Court granted Defendants' motion for summary judgment and denied Plaintiff's cross-motion for summary judgment. *See* Memorandum Order, at 1301.

## III. STANDARD OF REVIEW

Motions to reconsider are appropriate only in rare circumstances:

> The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D.Va.1983); *see also Sullivan v. Faras–RLS Group, Ltd.,* 795 F.Supp. 305, 308–09 (D.Ariz.1992).

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985), *cert. denied,* 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986). A motion for reconsideration should not be used to ask the court "to rethink what the court had already thought through—rightly or wrongly." *Above the Belt, Inc.,* 99 F.R.D. at 101; *see Sullivan,* 795 F.Supp. at 308. Arguments that the court was in error on the issues the court considered should be directed to the court of appeals. *See Sullivan,* 795 F.Supp. at 308.

Under Local Rule 1.10, no motion for reconsideration shall be set for hearing. Rules of Practice for the United States District Court, District of Arizona, 1.10(p) (1994). Further, the Court may deny a motion for reconsideration without allowing the opposing party to respond. *Id.*

## IV. DISCUSSION

Plaintiff asserts that the Court held in its Memorandum Order that a full-credit bid does not foreclose a statutory waste action against the Defendants. Plaintiff further asserts that the Court ruled against it only because Plaintiff offered no evidentiary support for its requested damages. Plaintiff has misinterpreted the Memorandum Order. The Memorandum Order provides that Plaintiff's full-credit bid extinguished Plaintiff's interest under the deed of trust and thereby barred a subsequent action for waste because Plaintiff cannot establish impairment to its security as a matter of law. Memorandum Order, at 1300–1301; *see Cornelison v. Kornbluth,* 15 Cal.3d 590, 125 Cal.Rptr. 557, 569, 542 P.2d 981, 993 (1975); *see also Nussbaumer v. Superior Court,* 107 Ariz. 504, 489 P.2d 843, 845 (1971) (implicitly recognizing that full-credit bid satisfies mortgagee's interest, precluding any further action to recover for loss of security).

Plaintiff's citation to *Jowdy v. Guerin,* 10 Ariz.App. 205, 457 P.2d 745 (1969) for the proposition that waste is measured by the diminution in the value of the property or the cost of repair does not aid Plaintiff's position. *Jowdy* did not involve a foreclosure sale and full-credit bid. *Jowdy* did, however, recognize that a lienholder's recovery for waste was limited to the amount owing on the lien. *See id.* 457 P.2d at 750. Because the full-credit bid expressly satisfied Plaintiff's deed of trust interest, Plaintiff cannot maintain an action for waste. *See Cornelison,* 125 Cal. Rptr. at 569, 542 P.2d at 993; *see also Nussbaumer,* 489 P.2d at 845.

Plaintiff's argument highlights its failure to distinguish between its role as a beneficiary under the deed of trust and its role as a purchaser of the property. Plaintiff brought suit in its capacity as a beneficiary under the deed of trust. However, as discussed, the full-credit bid completely satisfied Plaintiff's deed of trust interest and barred Plaintiff, as beneficiary under the deed of trust, from pursuing an action for waste. If Plaintiff, as beneficiary under the deed of trust, sought to recover the cost of renovating the building, Plaintiff should have brought a waste action prior to entering its full-credit bid or placed a bid that took into account costs necessary to restore the building to its full value.

Plaintiff's claim for damages stems from costs it incurred it renovating the building *after* the trustee's sale. These alleged costs were incurred by Plaintiff in its capacity as a purchaser of the property. As a purchaser of the property, Plaintiff should have been guided by the rule of *caveat emptor*. *Nussbaumer*, 489 P.2d at 847. A party bidding at a trustee's sale has "full control of his own bid and has the means of ascertaining the property's true value." *Id.* 489 P.2d at 846. Plaintiff cannot recover for its mistake in overbidding by attempting to resurrect its prior interest under the deed of trust that has been fully extinguished by the full-credit bid. *See Cornelison v. Kornbluth*, 125 Cal. Rptr. at 569, 542 P.2d at 993. Thus, any evidence of costs incurred by Plaintiff in restoring the property after it tendered the full-credit bid cannot support its action for waste. Plaintiff's full-credit bid bars Plaintiff from bringing an action for waste.

## V. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration and/or New Trial is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Leave to File the Original Affidavit of Raymond Jennett, M.D. is DENIED as moot.