**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| LEHMAN BROTHERS HOLDINGS, INC., <br><br> Plaintiff - Appellee, <br><br> v. <br><br> PMC BANCORP, AKA Professional Mortgage Corp., <br><br> Defendant - Appellant. | No. 13-55671 <br><br> D.C. No. 2:10-cv-07207-JAK-PJW <br><br> MEMORANDUM[*] |
| LEHMAN BROTHERS HOLDINGS, INC., <br><br> Plaintiff - Appellee, <br><br> v. <br><br> PMC BANCORP, AKA Professional Mortgage Corp., <br><br> Defendant - Appellant. | No. 13-56213 <br><br> D.C. No. 2:10-cv-07207-JAK-PJW |

Appeals from the United States District Court
for the Central District of California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

John A. Kronstadt, District Judge, Presiding

Argued and Submitted May 6, 2015
Pasadena, California

Before: TASHIMA, TALLMAN, and NGUYEN, Circuit Judges.

PMC Bancorp ("PMC") appeals the district court's grant of summary judgment in favor of Lehman Brothers Holdings, Inc. ("LBHI"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Reviewing de novo, *Universal Mortg. Co. v. Prudential Ins. Co.*, 799 F.2d 458, 460 (9th Cir. 1986), the district court correctly found that PMC's obligations under the indemnity agreement survived past foreclosure on the underlying properties. Under New York law, "a court should not adopt an interpretation which will operate to leave a provision of a contract . . . without force and effect." *Laba v. Carey*, 277 N.E.2d 641, 644 (N.Y. 1971) (citation and internal quotation marks omitted). The interpretation of the agreement advanced by PMC would impermissibly render two provisions of the agreement ineffective. *See id.* These include: (1) the provision giving Lehman Brothers Bank ("LBB") "sole and exclusive control . . . over the marketing, administration, and disposition of any foreclosed mortgage property"; and (2) the provision discussing full credit bids.

Accordingly, the district court properly granted summary judgment in favor of LBHI as to liability on the indemnity agreement.

Next, reviewing for abuse of discretion, *Bias v. Moynihan*, 508 F.3d 1212, 1224 (9th Cir. 2007), the district court did not err in overruling PMC's generalized objection to the authentication of the exhibits appended to John Baker's declaration. Evidence may be authenticated by a "witness with knowledge . . . that an item is what it is claimed to be," Fed. R. Evid. 901(b)(1), and such knowledge may be inferred from the witness's position and the nature of his participation in the matters to which he attests. *See Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990). Here, Baker stated that he was a "corporate representative" of LBHI, was employed by one of LBHI's wholly-owned subsidiaries, and was previously employed by a different wholly-owned subsidiary. Moreover, he stated that his declaration was based on personal knowledge gained from his "employment experience as well as from knowledge obtained after reasonable inquiry and review of the records" appended to his declaration. Finally, contrary to PMC's contention, Baker need not be an employee of LBHI in order to authenticate its records because his declaration demonstrates that he understood LBHI's record-keeping system. *See United States v. Ray*, 930 F.2d 1368, 1370

3

(9th Cir. 1990). The district court therefore did not abuse its discretion in overruling PMC's generalized objection to LBHI's authentication of its exhibits.

PMC also contends that the district court erred in admitting the summary Exhibit M to the Baker declaration because LBHI did not provide an affidavit from the person who prepared the exhibit, or from a person who had verified the exhibit's accuracy. The district court did not abuse its discretion in admitting Exhibit M as a summary of LBHI's damages because (1) PMC did not object to the accuracy of Exhibit M or the manner in which the figures in the exhibit were calculated; and (2) all of the foundational documents for Exhibit M were properly admitted. *See United States v. Gardner*, 611 F.2d 770, 776 (9th Cir. 1980); *see also* Fed. R. Evid. 1006. Alternatively, any error in the admission of Exhibit M was harmless. *See United States v. Boulware*, 470 F.3d 931, 936 (9th Cir. 2006), *vacated and remanded on other grounds*, *Boulware v. United States*, 552 U.S. 421 (2008).

Next, on de novo review, *Universal Mortg.*, 799 F.2d at 460, we conclude that the "full credit bid rule" does not apply to the calculation of damages in this action, but for different reasons than those articulated by the district court. First, the parties agree that the full credit bid rule applies at most to six of the loans at issue in this action: the PA, WA, PE, BU, LE, and RA1 loans. Second, in the

indemnity agreement, PMC expressly agreed that the full credit bid rule would not apply to the PA or WA loans. Third, the record contains no evidence that LBHI or LBB placed full credit bids, or caused such bids to be placed during foreclosure proceedings on the PE, BU, LE, or RA1 loans. PMC's contention that Aurora Loan Services acted as LBHI's agent in placing full credit bids finds no support in the record, and Aurora's status as a wholly-owned subsidiary of LBHI does not, on its own, give rise to an agency relationship under New York or California law. *See BBA Aviation PLC v. Super. Ct.*, 190 Cal. App. 4th 421, 433 (2010); *A.W. Fiur Co. v. Ataka & Co.*, 422 N.Y.S.2d 419, 422 (N.Y. App. Div. 1979). Because neither LBHI nor LBB was responsible for the placement of full credit bids in the course of foreclosure proceedings on any of these four loans, the full credit bid rule is inapplicable to the calculation of LBHI's damages in this action. *See First Commercial Mortg. Co. v. Reece*, 89 Cal. App. 4th 731, 744 (2001) (explaining that full credit bid rule does not apply to lender that did not place the bid); *Whitestone Sav. & Loan Ass'n v. Allstate Ins. Co.*, 270 N.E.2d 694, 696–97 (N.Y. 1971) (explaining that the primary rationale for the full credit bid rule is that it would be inequitable to permit a lender to choose to place such a bid, "thus cutting off other lower bidders," only to later argue that the property is worth less than the bid).

Finally, reviewing for abuse of discretion, *Berkla v. Corel Corp.*, 302 F.3d 909, 917 (9th Cir. 2002), the district court permissibly awarded attorneys' fees to LBHI for work done after the hearing on February 13, 2012. At the hearing, the district court did not explicitly vacate the trial date, or give any clear indication that the trial date would be substantially postponed. And, the minute order vacating the trial date did not appear on the docket until February 21, 2012. The district court also reasonably concluded that the additional fees incurred after February 21, 2012, were not significant, and primarily arose from communications regarding the status of the case while LBHI's motion for summary judgment remained pending.

**AFFIRMED.**