**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 13 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| COVE PARTNERS, LLC, | No.   16-55315 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:15-cv-07635-SJO-GJS |
| XL SPECIALTY INSURANCE COMPANY, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted June 9, 2017**
Pasadena, California

Before:  GRABER and MURGUIA, Circuit Judges, and DAVILA,*** District Judge.

This case involves a dispute over the scope of coverage of an insurance

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Edward J. Davila, United States District Judge for the Northern District of California, sitting by designation.

policy (the "Policy") purchased by plaintiff-appellant Cove Partners, LLC ("Cove Partners") from defendant-appellee XL Specialty Insurance Company ("XL Specialty"). The only issue before us is whether the district court abused its discretion by denying Cove Partners leave to amend its first amended complaint to add a new cause of action for rescission and to allege more facts in support of its reformation cause of action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's denial of leave to amend for abuse of discretion. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009). We affirm.

1. Cove Partners argues that it should be granted leave to amend to plead a cause of action for rescission. Neither the original complaint nor the first amended complaint alleged a cause of action for rescission. Before the district court, Cove Partners did not seek to amend its complaint to add a rescission claim. Rather, Cove Partners first sought to allege a rescission claim in its appellate briefing. "Generally, an appellate court will not hear an issue raised for the first time on appeal." *Yamada v. Nobel Biocare Holding AG*, 825 F.3d 536, 543 (9th Cir. 2016). Since the issue of rescission was "raised for the first time on appeal" and therefore waived, we decline to consider this argument. *Id.*

2. Cove Partners did, however, properly request that the district court permit Cove Partners to amend its first amended complaint to add factual allegations in

support of its reformation claim. Though leave to amend "is to be applied with extreme liberality," *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (internal quotation marks omitted), courts do not abuse their discretion by denying leave to amend if "the complaint could not be saved by any amendment," *Zucco Partners*, 552 F.3d at 989 (internal quotation marks omitted). Cove Partners' claim for reformation of the contract rests on an alleged mutual mistake. Reformation to correct a mutual mistake requires a showing that the contract incorrectly reflects the intent of both parties. *Universal Mortg. Co. v. Prudential Ins. Co.*, 799 F.2d 458, 460 (9th Cir. 1986); Cal. Civ. Code § 3399. Here, none of Cove Partners' proposed amendments describes XL Specialty's intent with respect to the scope of the Policy's coverage. Cove Partners' proposed amendments therefore cannot cure the deficiencies in the reformation claim. *See Zucco Partners*, 552 F.3d at 989. The district court did not abuse its discretion in denying Cove Partners leave to amend.

**AFFIRMED.**

3