L & H COMPANY, INCORPORATED, Plaintiff–Appellant,

v.

UNITED STATES of America, Defendant–Appellee.

No. 91–1969.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 24, 1992.

Decided May 7, 1992.

Thomas J. Bamonte (argued), Sachnoff & Weaver, Chicago, Ill., for L & H Co., Inc.

Gary R. Allen, Robert S. Pomerance, John A. Dudeck, Jr., Frank P. Cihlar (argued), Washington, D.C., John S. Brennan, Asst. U.S. Atty., Office of the U.S. Atty., Civ. Div., Appellate Section, Chicago, Ill., Benjamin Norris, Dept. of Justice, Tax Div., Appellate Section, Washington, D.C., for U.S.

Before CUMMINGS, EASTERBROOK and MANION, Circuit Judges.

CUMMINGS, Circuit Judge.

On July 12, 1990, L & H Corporation ("L & H") filed this action in federal court in order to obtain a tax refund. The Internal Revenue Service ("IRS") had previously denied L & H's administrative claim for a refund and had notified it of the disallowance on June 11, 1987. Under the applicable statute of limitations, no suit for a tax refund may be filed "after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates." 26 U.S.C. § 6532(a)(1). However, L & H urges that its federal complaint was timely filed under Section 6532(a)(1) of the Internal Revenue Code because the statute of limitations ran not from the first notice of disallowance L & H received, but from the second such notice. Magistrate Judge Weisberg disagreed with L & H and concluded that its claim was time-barred, 761 F.Supp. 572. It is that determination which L & H now appeals.

I.

L & H's 1983 corporate income tax return was due on March 15, 1984. It filed that tax return on September 10, 1984. L & H claims that on March 5, 1984, it mailed a Form 7004 to obtain an automatic six-month extension of time in which to file its federal tax return. L & H has no certified mail receipt or other record that it sent the form, and the IRS claims not to have received it. In May 1987, L & H filed a Form 1120X seeking a refund of $115,000 of income tax for 1980 as a result of a carryback of its net operating loss and unused investment tax credit for the 1983 tax year. On June 11, 1987, the IRS sent L & H by certified mail a disallowance notice which stated that L & H's refund request had been denied because the claimed credit was filed more than three years after the due date for the applicable return. Under 26 U.S.C. § 6511(d)(2)(A), a taxpayer must file a refund request within three years of the due date for the applicable return. The refund request would have been considered timely filed only if a Form 7004 request for an extension of time in which to file its 1983 tax returns had been timely filed by L & H.

The June 1987 disallowance notice to L & H stated that it had "2 years from the mailing date of this letter" in which to file suit for the recovery of taxes covered by the disallowance notice. The notice also

indicated that L & H could file a new claim. Then on June 24, 1987, L & H filed an identical Form 1120X but this time attached a copy of its alleged March 5, 1984, extension request. The IRS did not respond to L & H's June 1987 Form 1120X filing for almost a year. Consequently on May 17, 1988, L & H sent a letter to the IRS seeking a response to its second claim. On July 13, 1988, the IRS sent a second notice of disallowance. This notice was nearly identical to the first but did not contain language regarding the two-year statute of limitations. Alan Shulman of L & H wrote the IRS two times after receiving the second notice of disallowance. He also spoke with an IRS agent and later filed a protest of disallowance with the IRS. All of those efforts to secure a refund were likewise unsuccessful. Therefore, on July 12, 1990, L & H filed the present refund suit in federal district court. Both parties consented to the entry of final judgment by Magistrate Judge Weisberg, who granted summary judgment for the Government on the basis that L & H's suit was time-barred under Section 6532.

## II.

L & H's suit would be timely filed within the two-year limitations period, 26 U.S.C. § 6532(a)(1), only if that period ran from the IRS's second notice of disallowance to L & H rather than from its first. L & H advances two theories in support of its argument that the second notice of disallowance, sent on July 13, 1988, extended the applicable limitations period. First, L & H contends that its June 1987 resubmission of Form 1120X with an attached copy of its 1984 extension request constituted a new claim. Second, it asserts that even if its second request was not a new claim, the applicable limitations period should be extended because the IRS reconsidered the claim.

### A. New Claim

In June 1987, L & H refiled a claim identical to its original claim with the exception that the second claim also attached a copy of its earlier Form 7004 request for an extension of time for filing a corporate tax return. But as the magistrate judge aptly noted, "[r]esubmitting a rejected claim does not give a taxpayer a new limitations period in which to file suit" (App. 8). A taxpayer cannot enlarge Section 6532's two-year statute of limitations by refiling what is essentially the same claim that was rejected by the IRS. See *Stratmore v. United States*, 463 F.2d 1195 (3d Cir.1972) (holding that statute of limitations is not extended when taxpayer files a second claim for refund which relies on the same grounds as the first); *Kelson v. United States*, 503 F.2d 1291 (10th Cir. 1974) ("the filing of a second claim reasserting the first" does not extend the limitations period); *18th Street Leader Stores v. United States*, 142 F.2d 113, 115 (7th Cir.1944) (rejecting the assertion that "a new claim, based on the same grounds as a prior rejected claim, will operate to enlarge the limitation period which has started to run on the rejection of an earlier claim"), certiorari denied, 323 U.S. 725, 65 S.Ct. 61, 89 L.Ed. 583.

A submission of a second claim may expand the limitations period where the second claim alleges grounds or theories for recovery which are different from those set forth in the first claim. See, *e.g.*, *Charlson Realty Co. v. United States*, 384 F.2d 434, 440, 181 Ct.Cl. 262 (1967). However, resubmission of an identical claim with an attachment adding an additional piece of evidence, as was the case here, does not constitute a new claim and does not warrant suspension of the original limitations period. See *18th Street Leader Stores*, 142 F.2d at 115 (holding that a second claim which attached additional but inconclusive evidence did not constitute a new claim and did not extend the statute of limitations).

### B. Reconsideration by the IRS

L & H also contends that even if its second claim was merely a resubmission of its first, subsequent consideration and rejection by the IRS should enlarge the statute of limitations. However, the plain language of Section 6532(a)(4) of the Tax Code

resolves the matter. Section 6532(a)(4) explicitly states that "[a]ny consideration, reconsideration, or action by the Secretary with respect to such claim following the mailing of a notice by certified mail or registered mail of disallowance shall not operate to extend the period within which suit may be begun." 26 U.S.C. § 6532(a)(4).

Some courts have suggested that the IRS may be equitably estopped from asserting the statute of limitations where the taxpayer has relied on representations by the IRS that the applicable limitations period was being extended in the taxpayer's case. *Haber v. United States*, 831 F.2d 1051 (Fed.Cir.1987) (limitations period extended where IRS made oral representation that the first disallowance was withdrawn and where second disallowance contained language that the taxpayer had two years from the date of the disallowance); *Miller v. United States*, 500 F.2d 1007, 1010–1011 (2d Cir.1974) (limitations period extended where taxpayer reasonably relied on second disallowance's representation that taxpayer had two years from the second disallowance in which to file suit). However, this case is easily distinguishable from those. Here, although the first disallowance notice clearly stated that the taxpayer had two years in which to file suit, the second disallowance notice did not contain any similar indication.

## C. Conclusion

Because L & H's suit was not a new claim and because IRS reconsideration of the issue did not extend the filing period, the limitations period ran from the first disallowance. Since L & H filed suit in federal court more than two years after it received that disallowance, its suit is time-barred under 26 U.S.C. § 6532(a)(1).

In his opinion, the magistrate judge included a thoughtful discussion of whether Section 7502 of the Tax Code, 26 U.S.C. § 7502, supersedes the common law "mailbox rule" such that taxpayers who send their returns by ordinary mail now bear all risk that either the IRS will not receive the returns, or that it will receive and lose

them. Because the suit is time-barred we need not resolve the merits of this question.

The judgment of the magistrate judge is affirmed.