**RHI HOLDINGS, INC., Plaintiff–
Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 97–5116.

United States Court of Appeals,
Federal Circuit.

May 5, 1998.

Roy H. Crosley, Fairchild Corporation, of
Chantilly, VA, for plaintiff-appellant.

Annette M. Wietecha, Attorney, Appellate Section, Tax Division, U.S. Department of Justice, of Washington, DC, for defendant-appellee. With her on brief were Loretta C. Argrett, Assistant Attorney General, and Richard Farber, Attorney Of counsel was Charles Bricken, Attorney, Appellate Section, U.S. Department of Justice.

Before: CLEVENGER, BRYSON, and GAJARSA, Circuit Judges.

GAJARSA, Circuit Judge.

In this appeal from the decision in *RHI Holdings, Inc. v. United States,* 37 Fed. Cl. 703 (1997), No. 95–CV–827, RHI Holdings, Inc. (RHI) appeals the determination of the Court of Federal Claims that RHI was not entitled to a refund of the "hot interest" RHI had paid under 26 U.S.C. § 6621(c) (1994). We find that the trial court should not have reached the merits of this controversy without first considering whether or not it had jurisdiction over RHI's claim. Jurisdiction does not exist in the Court of Federal Claims over the claim because it is barred by the applicable statute of limitations. Therefore we vacate the trial court's decision and remand with instructions to dismiss the case for lack of jurisdiction.

I

In 1990, the IRS determined that RHI was liable for certain corporate income tax underpayments for tax years 1983 and 1984. The IRS began assessing interest on the underpayments on January 1, 1991. RHI paid the underpayments with interest in 1993, and now sues to recover all "hot interest" it paid for the period between January 1, 1991 and September 30, 1991. Hot interest is the increased rate of interest assessed to "large corporate underpayments" of corporate income tax according to 26 U.S.C. § 6621(c). The interest rate of three percent is increased to five percent for large corporate underpayments when the IRS satisfies certain notice requirements as specified in 26 U.S.C. § 6621(c)(2)(A).

After making payment, RHI filed two Forms 2297, "Waiver of Statutory Notifica-

tion of Claim Disallowance," for tax years 1983 and 1984 on April 27, 1993.[1] Normally, a taxpayer files a claim for refund with the IRS before suit may be filed against the IRS for refund of taxes. *See* 26 U.S.C. § 7422 (1994). Then the taxpayer has two years from the date the notice of disallowance of the refund claim is mailed to file suit. *See* 26 U.S.C. § 6532 (1994). However, if a taxpayer files a waiver of the notice of disallowance, then the two year statutory period begins when the waiver is filed. *See* 26 U.S.C. § 6532(a)(3). Since RHI filed its waivers on April 27, 1993, it had to file suit by April 27, 1995. However, RHI did not file its refund suit until December 15, 1995.

Some of the actions of the IRS after RHI filed may have led RHI to believe that it had more time to file suit. Upon receiving the Forms 2297 in April 1993, the IRS issued a proposed disallowance of plaintiff's claim on June 17, 1993, and included a new Form 2297 to be completed by the taxpayer. *See* 37 Fed. Cl. at 705. RHI responded on June 23, 1993, by requesting a conference. *See* 37 Fed. Cl. at 705. The IRS responded on June 29, 1993, by asking whether the claim was a request for refund or a request for interest abatement. *See* 37 Fed. Cl. at 705. In that June 29, 1993, communication, the IRS included original copies of both RHI's original claim form, stamped "Received 4–27–93" and the original waivers, which were not stamped. *See* 37 Fed. Cl. at 705. The IRS finally issued a disallowance for RHI's claims on December 22, 1993.

Regardless of any confusion that the IRS's actions may have caused RHI, unless the statute of limitations, 26 U.S.C. § 6532, contains an implied equitable exception, considerations of equitable principles are not appropriate. If the statute contains an implied equitable exception, then the Government may be estopped from asserting the statute of limitations based on the IRS's actions in regards to RHI's claim. However, if the statute does not contain an implied equitable exception, then RHI's claim was untimely, and should have been dismissed for lack of jurisdiction.

---

1. During pretrial discovery, RHI admitted that     the waivers were *filed* in April, 1993.

## II

All federal courts are courts of limited jurisdiction, and it is the duty of a federal court to examine its jurisdiction over every claim before it assumes jurisdiction over the claim. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396, 2403, 57 L.Ed.2d 274 (1978) ("It is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded."). In *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941), the Supreme Court explicitly held that a waiver of sovereign immunity by the United States is jurisdictional. The Supreme Court stated that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Sherwood*, 312 U.S. at 586, 61 S.Ct. at 769–70 (citations omitted). Thus the jurisdiction of the Court of Federal Claims (successor to the Court of Claims discussed in *Sherwood*) is prescribed by the metes and bounds of the United States' consent to be sued in its waiver of immunity. *See Sherwood*, 312 U.S. at 586, 61 S.Ct. at 769–70.

Waivers of sovereign immunity must be explicit, and cannot be implied. *See United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953–54, 47 L.Ed.2d 114 (1976) (citing *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 1502–03, 23 L.Ed.2d 52 (1969)); *see also Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 93, 111 S.Ct. 453, 456, 112 L.Ed.2d 435 (1990); *cf. Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55, 116 S.Ct. 1114, 1123, 134 L.Ed.2d 252 (1996). Any statute which creates a waiver of sovereign immunity must be strictly construed in favor of the Government. *See Sherwood*, 312 U.S. at 590, 61 S.Ct. at 771. The jurisdiction of the Court of Federal Claims in this case is governed by the Tucker Act, 28 U.S.C. § 1491 (1994). While the Tucker Act creates jurisdiction for money claims against the Government in the Court of Federal Claims, it does not create a cause of action for those claims. The substantive basis for the action must be found elsewhere.[2]

The statute of limitations applying to RHI's refund claim filed in the Court of Federal Claims is 26 U.S.C. § 6532. The question presented in this case is whether the Government is estopped from asserting the two year statute of limitations triggered by the filing of a waiver under 26 U.S.C. § 6532(a)(3). The Supreme Court has held in *Irwin*, 498 U.S. at 93–94, 111 S.Ct. at 456, that although a statute of limitations is a waiver of sovereign immunity and must be strictly construed, it may be subject to equitable tolling if there is an implied equitable tolling exception in the statute of limitations. Here, the issue is equitable estoppel, not tolling. This distinction is not significant since *Irwin* described one instance of allowable equitable tolling as "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin*, 498 U.S. at 96, 111 S.Ct. at 458. RHI essentially has alleged that the actions of the IRS in returning the original waivers, and later issuing the notice of disallowance, confused RHI into allowing the statutory period to lapse. The confusion created by the IRS according to RHI should be considered by this court as "misconduct," thereby estopping the United States from asserting the statute of limitations. Even if we accept this interpretation of the facts, we must follow the test prescribed in *Irwin*, namely that an implied equitable exception must be found in the statute of limitations before equitable principles may be applied to a waiver of sovereign immunity.

A recent decision by the Supreme Court is instructive of when an implied equitable exception can be found in a statute of limitations in the federal tax code. In *United*

---

2. The Tucker Act provides as follows:

    The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

    28 U.S.C. § 1491(a)(1).

*States v. Brockamp,* the court described the *Irwin* inquiry predicate to the application of equitable principles as determining if the statute of limitations "contains an implied 'equitable tolling' exception." *United States v. Brockamp,* 519 U.S. 347, ——, 117 S.Ct. 849, 850, 136 L.Ed.2d 818 (1997). If the statute of limitations in this case contains such an implied equitable exception, then this court would need to evaluate the facts presented to us to determine if RHI has made out a basis for equitable estoppel.[3] However, if there is no implied equitable exception in the statute of limitations, then regardless of the facts presented, there can be no equitable tolling or estoppel.

The statute in question, 26 U.S.C. § 6532(a), does not contain an implied "equitable" exception under the Supreme Court's analysis delineated in *Brockamp.* Section 6532(a) contains the following language:

> **(1) General rule.** No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty or other sum, shall be begun ... after the expiration of 2 years from the date of mailing ... of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.
>
> **(2) Extension of time.** The 2–year period prescribed in paragraph (1) shall be extended for such period as may be agreed upon in writing between the taxpayer and the Secretary.
>
> **(3) Waiver of notice of disallowance.** If any person files a written waiver of the requirement that he be mailed a notice of disallowance, the 2 year period described in paragraph (1) shall begin on the date such waiver is filed.
>
> **(4) Reconsideration after mailing of notice.** Any consideration, reconsideration, or action by the Secretary with respect to such claim following the mailing of a notice by certified mail or registered mail of disallowance shall not operate to extend the period within which suit may be begun.

26 U.S.C. § 6532. In *Brockamp,* the Supreme Court found that another statute of limitations outlined in 26 U.S.C. § 6511, does not contain an implied equitable exception because "[i]t sets forth its limitations in a highly detailed technical manner, that linguistically speaking, cannot easily be read as containing implicit exceptions." *Brockamp,* 519 U.S. at ——, 117 S.Ct. at 851. The Court continues, noting that the statute reiterates its limitations and imposes substantive limitations on the claim to be filed under the statute. *See Brockamp,* 519 U.S. at ——–——, 117 S.Ct. at 851–52. This further decreases the propensity of finding an implied equitable waiver.

The statute of limitations in this case, 26 U.S.C. § 6532, is part of the same statutory scheme as the statute of limitations in *Brockamp.* Section 6532(a) sets forth its limitations in a detailed, technical manner, and reiterates the two year limitations in subsections (1), (2) and (3). *See* 26 U.S.C. § 6532(a). It prescribes a particular process for extending the two year period in subsection (2), and this strongly implies that there are no other exceptions to the statutory period. *See* 26 U.S.C. § 6532(a)(2). Moreover, subsection (4) states that any further action taken by the Secretary after a notice of disallowance is mailed to the taxpayer does not operate to extend the statutory period. *See* 26 U.S.C. § 6532(a)(4). This language explicitly prohibits equitable considerations based on the actions of the IRS after a notice is mailed. Since a waiver filed under subsection (3) stands in the place of the notice of disallowance issued under subsection (1), this section applies equally to the actions of the IRS after a waiver is filed as after a notice of disallowance is mailed. Based on this analysis, there is less reason to believe that section 6532 has an implied equitable exception than section 6511, which was examined by the Supreme Court in *Brockamp.*

As the Supreme Court noted in *Brockamp,* equitable tolling may not always be available to a plaintiff in a cause of action against the Government when that cause of action is not

---

**3.** If we concluded that there is an implied equitable exception in 26 U.S.C. § 6532, then we would have to remand this case to the Court of Federal Claims for further factual determinations on the effect of the IRS's actions on RHI.

identical to a private cause of action. *See Brockamp*, 519 U.S. at ——–——, 117 S.Ct. at 851–52. In *Irwin*, the plaintiff's claim was indistinguishable from a claim brought against a private litigant. The same cannot be said for the claim in *Brockamp* or the case at bar. *See Brockamp*, 519 U.S. at ——–——, 117 S.Ct. at 851–52. However, as in *Brockamp*, since there clearly is no equitable exception in the statute, it is not necessary to decide if equitable estoppel would be enforced against the United States if an equitable exception were found in a tax refund statute of limitations.

### III

Because there is no implied equitable exception, it is clear that the Court of Federal Claims does not have jurisdiction over this case. Therefore, the judgment of the Court of Federal Claims dismissing RHI's complaint is vacated and remanded with instructions to dismiss for lack of jurisdiction.

*VACATED AND REMANDED.*