**FORESTRY SURVEYS AND
DATA, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 98–844C.

United States Court of Federal Claims.

July 14, 1999.

Howell Roger Riggs, Huntsville, Alabama, attorney of record for plaintiff.

Monica J. Palko, Washington, D.C., with whom was Acting Assistant Attorney General David W. Ogden, for defendant.

## OPINION

REGINALD W. GIBSON, Senior Judge.

### INTRODUCTION

At issue in this case is the government's February 26, 1999, motion to dismiss a post-award bid protest. The government's motion to dismiss is premised on several grounds. First, the government contends that this court lacks subject matter jurisdiction to grant injunctive relief by directing award of the contract to a particular party, i.e., the plaintiff; and that it also lacks jurisdiction to enjoin the government's consideration of plaintiff's past contract performance in the evaluation of the present protested contract or future contracts. Next, it asserts that the plaintiff has failed to state a claim upon which relief can be granted inasmuch as the protested contract has been substantially performed, and thus it is virtually impossible and impractical to terminate such contract. Attached to the government's motion to dismiss is a declaration from the contracting officer of the protested contract. The plaintiff has moved to strike this declaration. Additionally, the plaintiff has recently filed a motion to dismiss, without prejudice, one of its claims. Given all of the foregoing, four issues are presented for our consideration, to wit:

(i) lack of subject matter jurisdiction;

(ii) failure to state a claim for which relief can be granted;

(iii) plaintiff's motion to strike the government's declaration; and

(iv) plaintiff's motion to dismiss without prejudice.

### FACTS

The plaintiff, Forestry Surveys and Data (Forestry), filed a petition in this court on November 4, 1998, challenging the award of a contract to Steve Holmes Forestry to perform a Timber Stand Exam. The federal

agency contracting for the timber stand exam was the Department of Agriculture's Forest Service. In said petition, Forestry alleges that the Forest Service improperly evaluated the offers by using education as a criterion, when education had not been listed as an evaluation criterion in the request for quotations. Secondly, Forestry alleges that the agency also improperly evaluated Forestry's past performance by focusing on only one of the five contracts listed by Forestry in its offer, by failing to give Forestry an opportunity to comment on derogatory information that was being considered by the agency, and that two evaluators were prejudiced against Forestry. As relief, Forestry seeks in its initial petition from this court, in addition to attorneys' fees and costs, a preliminary and permanent injunction ordering the government—i) to terminate the presently-awarded contract, ii) to direct the award of the contract to itself, iii) to stop using "derogatory" past performance information in evaluating the present contract, and iv) to stop using "derogatory" past performance information presently and prospectively in "any other contract outside the subject agency." (Ver. Pet ¶ 18).

On February 26, 1999, several months after the filing of the said petition, the government filed the subject motion to dismiss. Its motion is premised, first, on the government's contention that this court lacks subject matter jurisdiction to grant the four (4) grounds of injunctive relief requested by Forestry. Forestry's request that this court both terminate the already-awarded contract and then also award the contract to itself, the government argues, is beyond the powers of this court because this court may not specifically direct contract award to a particular party. Forestry's request that this court enjoin the defendant (Forest Service) from distributing past performance information in the present contract and in other contracts, for evaluating purposes, does not invoke this court's jurisdiction because Forestry cites no money-mandating provision of substantive law, nor is its claim based on an implied or express contract with the United States. Moreover, Forestry's claim regarding past performance is not within this court's bid protest jurisdiction because it relates to the administration of a prior contract in which Forestry was not a disappointed bidder but rather the successful bidder. *Id.*

The second ground on which the government seeks to dismiss is Forestry's alleged failure to state a claim upon which relief can be granted. Under the government's view, Forestry has not stated a claim because the relief it requests, i.e., to terminate the contract and interpose itself as the awardee, is impossible because the contract has been substantially performed and is presently within days of completion.

Accompanying the government's motion to dismiss was a declaration by the contracting officer of the protested contract containing information on the evaluation of the contract award, the history of the award process, and the current status of the contract. (Bird Decl. attached to Def.'s Mot. Dismiss). Forestry moves this court to strike said contracting officer's affidavit because it is allegedly outside the scope of review for a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim, in which "the allegations of the complaint should be construed favorably to the pleader." (Pl.'s Mot. Strike ¶ 2, citing to *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). Thus, argues Forestry, the court must accept the factual allegations of its complaint, as true, without reference to the government's affidavit.

Finally, on June 3, 1999, Forestry filed, by leave of the court, an amended petition, in which it dropped its request for an injunction to terminate the contract and to direct award of the contract to itself. In said amended petition, however, Forestry added a request for bid preparation costs premised on the allegation that there was an improper evaluation of the experience and past performance criteria. With the filing of the amended petition on June 3, 1999, Forestry's remaining request for relief was narrowed, therefore, only to the following: (i) bid and preparation costs of $1,000, (ii) an injunction barring the negative past performance evaluation of Forestry from use in consideration of the protested contract and of other contracts outside the Department of Agricul-

ture, and (iii) attorneys' fees and costs. *Id.* Because Forestry has voluntarily waived its request for an injunction to terminate the contract, two of the government's contentions for dismissal have been mooted, i.e., that the court lacks subject matter jurisdiction both to terminate the contract and to award the contract to Forestry, and that Forestry has failed to state a claim upon which relief can be granted because the request to terminate the contract and interpose itself as the awardee is impossible due to the contract presently being substantially performed.

On or about the time that the court was prepared to issue its opinion on the government's motion to dismiss, Forestry filed a motion seeking dismissal *without prejudice* of its claim for injunctive relief barring the government from using a negative evaluation of its past performance. At this juncture, we are left with three issues for decision: (i) whether this court should grant Forestry's motion to dismiss without prejudice its request for relief barring the government's use of a negative evaluation of one of its previously performed contracts. If not, then we must also decide (ii) whether there is subject matter jurisdiction over Forestry's request to enjoin the agency from using past performance information; and (iii) finally, whether the court should strike the affidavit of the contracting officer. We will discuss these issues in turn.

## DISCUSSION

### A. PLAINTIFF'S MOTION FOR DISMISSAL WITHOUT PREJUDICE

■ Under Federal Circuit precedent, Forestry's motion to dismiss its claim for injunctive relief, without prejudice, must be construed as, in effect, an *amendment to its complaint.* This is so because the effect of a grant of Forestry's motion to dismiss is to remove said claim from its complaint, i.e., an amendment. The Federal Circuit has held that because Rule 41(a) of the United States Court of Federal Claims (RCFC), governing voluntary dismissals, refers to dismissal of an *"action"* rather than a *"claim,"* when a plaintiff intends to dismiss a *claim,* the court should construe such motion as a Rule 15

amendment to the complaint. *Gronholz v. Sears, Roebuck & Co.,* 836 F.2d 515, 518 (Fed.Cir.1987) (quoting *Management Investors v. United Mine Workers,* 610 F.2d 384, 394–95 (6th Cir.1979)); *Maxus Energy Corp. v. United States,* 31 F.3d 1135, 1140 n. 12 (Fed.Cir.1994) (construing Rule 41(a)(1)(b), which refers to dismissal of an action, as applying to dismissal of an entire action).

■ Having reached this conclusion, however, similar standards govern the exercise of the court's discretion under both Rule 41(a) and Rule 15(a), and we will therefore consider Forestry's motion in light of the policies behind both rules. *Wakefield v. Northern Telecom., Inc.,* 769 F.2d 109, 114 n. 4 (2d Cir.1985); *Mechmetals Corp. v. Telex Computer Products, Inc.,* 709 F.2d 1287, 1294 (9th Cir.1983). Pursuant to Rule 15(a), a party may amend its own pleadings once as a matter of right; otherwise, it may do so only "by leave of the court or by written consent of the adverse party." In this case, Forestry has already amended its complaint once, i.e., on June 3, 1999, and the government has objected to Forestry's request to dismiss *without prejudice* its claim for injunction. Def.'s Opp. Pl.'s Mot. Dismiss filed July 7, 1999. Thus plaintiff's request for dismissal of its claim for injunctive relief must be by leave of court. By its terms, Rule 15(a) gives the court the discretion to grant a party leave to amend "when justice so requires." The Supreme Court has explained that a court should deny leave to amend the complaint in circumstances of undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of amendment, or the futility of amendment. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). A court may consider judicial economy and whether the amendments would lead to expeditious disposition of the merits of the litigation. *Chitimacha Tribe of Louisiana v. Harry L. Laws Company,* 690 F.2d 1157, 1163 (5th Cir.1982). And denial of a request to amend is justified if a plaintiff fails to correct a pleading when given the opportunity to do so, such as during a prior amend-

ment of a complaint, when information necessary for such an amendment was available.

■ In a similar vein, when deciding whether to grant a plaintiff's request for a voluntary dismissal under Rule 41(a), the court may consider: (i) the defendant's effort and the expense involved in preparing for trial, (ii) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (iii) insufficient explanation of the need to pursue a dismissal, and (iv) the fact that a motion for summary judgment has been filed by the defendant. *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987) (citing *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir.1969)).

■ Under the facts presented here, the government filed its motion to dismiss earlier in 1999, which issue has been fully briefed by both sides since April 12, 1999. This court has stated numerous times to both parties that it intended to issue an opinion on the issue forthwith, so both the government and Forestry had reason to expect that an opinion was imminently forthcoming. Furthermore, Forestry has already amended its complaint on June 3, 1999, which amendment was allowed by leave of the court. In light of the above facts, we find that Forestry has unreasonably delayed its motion to amend at the expense of the valuable resources both of this court and of the government. Forestry could have moved to dismiss its claim for injunctive relief (without prejudice) when it amended its complaint in June of this year. Any reason that it had to dismiss its claim for injunctive relief should have been known at that time, and Forestry has not informed this court of any new information in its possession. See *Chitimacha Tribe of Louisiana*, 690 F.2d at 1163. Moreover, Forestry has offered no explanation why it needs, in effect, to amend its complaint once again at this late date. *See Paulucci*, 826 F.2d at 783. Because the effort already expended on this issue by both the government and the court is not balanced by any explanation for Forestry's request for voluntary dismissal, we find that, after balancing the interest of both parties, the equities favor the government. Therefore, Forestry's motion to dismiss without prejudice, in effect to amend its com-

plaint by dismissing its request for injunctive relief, is DENIED. We now turn to the merits of the government's motion to dismiss.

## B. DEFENDANT'S MOTION TO DISMISS

The government next seeks to dismiss Forestry's complaint on the grounds of lack of subject matter jurisdiction pursuant to RCFC 12(b)(1). When evaluating a motion to dismiss, whether on the ground of lack of subject matter jurisdiction or for failure to state a claim, the court, generally, must construe the allegations of the complaint favorably to the pleader. *Scheuer v. Rhodes*, 416 U.S. at 236, 94 S.Ct. 1683. Thus, in rendering a decision, the court must presume that the undisputed factual allegations in the complaint are true. *Miree v. DeKalb County*, 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977).

Nonetheless, the burden of establishing subject matter jurisdiction is on the plaintiff. *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). The plaintiff, of course, bears the burden of establishing jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed.Cir.1988). When considering a motion to dismiss, the court may consider all relevant evidence in order to resolve any disputes as to the truth of the *jurisdictional* facts alleged in the complaint. *Id.* (emphasis added). Similarly, if the court has doubts regarding jurisdiction, it may look at all the evidence presented to satisfy itself regarding the jurisdictional facts. *RHI Holdings, Inc. v. United States*, 142 F.3d 1459, 1461 (Fed.Cir.1998).

The government contends that this court does *not* have subject matter jurisdiction to hear Forestry's request that the court enjoin the use of a past performance evaluation both in the protested contract and in any future contracts outside the Department of Agriculture. First, the government argues that this request falls outside this court's Tucker Act jurisdiction because it is not based on a money-mandating provision of substantive law, nor is it founded upon an express or implied contract with the United

States. (Def.'s Mot. Dismiss at 6). Neither is this court's bid protest jurisdiction implicated because Forestry's request to enjoin use of a negative evaluation from a previous contract is, under the government's view, a matter of contract administration of a prior contract in which Forestry was not a disappointed bidder. (*Id.* at 7). Finally, the government notes that even the FAR itself *requires* release of relevant past performance data. (*Id.* at 6–7).

■ In this court, the Tucker Act waives the United States' immunity from suit with respect to the claims identified by the act. *United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). The Tucker Act grants this court jurisdiction to hear claims against the United States that are "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States...." 28 U.S.C.A. § 1491(a)(1). Congress amended the Tucker Act to give this court jurisdiction to consider pre-award and post-award bid protests. 28 U.S.C. § 1491(b) (1994 & Supp.1999). Under our bid protest jurisdiction, the court hears challenges brought by disappointed bidders for proposed government contracts alleging impropriety in the procurement process. *Central Arkansas Maintenance, Inc. v. United States*, 68 F.3d 1338, 1341 (Fed.Cir.1995); *CACI, Inc.-Fed. v. United States*, 719 F.2d 1567, 1572–73 (Fed.Cir.1983). Jurisdiction in such cases is premised on the existence of an implied-in-fact contract between the government and the bidder to "fairly and honestly" consider all bids. *United States v. John C. Grimberg Co.*, 702 F.2d 1362, 1367 (Fed.Cir. 1983) (en banc); *Central Arkansas*, 68 F.3d at 1341. The standard of review for bid protests is that established by the Administrative Procedure Act—agency action may be set aside only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 28 U.S.C. § 1491(b)(4) (specifying standard of review as found in 5 U.S.C. § 706(2)(A)).

■ Unlike the government, with respect to the foregoing issue, we find that the subject matter of Forestry's request falls within our bid protest jurisdiction. This court has jurisdiction to consider whether the government properly evaluated Forestry's offer, including the propriety of the government's use of past performance in evaluating Forestry's bid. The very essence of a bid protest is an allegation that the protestor's bid was not "fairly and honestly" considered. *See John C. Grimberg Co.*, 702 F.2d at 1367. In the bid protest at bar, Forestry has alleged that the government did not fairly evaluate its past performance because the evaluators concentrated on one contract among five and the government was not honestly evaluating its bid because one evaluator was biased as a result of the prior contract. The government, in arguing there is no bid protest jurisdiction, contends that Forestry is in fact requesting relief from the *prior contract*. That is not true. Forestry's request is limited to the use of an evaluation of that prior contract *in the award of the contract protested here at bar* and in the consideration of future contracts. These allegations, in our judgment, clearly meet the threshold criteria for our bid protest jurisdiction respecting the issue whether Forestry's bid was treated fairly and honestly.

■ Notwithstanding the above, we hold that jurisdiction is lacking, in this court, to grant *the precise relief* requested by Forestry, to wit, that the court enjoin the use of the "derogatory" past performance evaluation by the defendant. First, as to the requested injunction barring use in this contract of a performance evaluation of a prior contract, the issue is clearly moot. The contract has been awarded and was 95% complete within days of the filing of this bid protest. It is well established that when a contract has been substantially completed, it is impossible, or at the least imprudent, for the court to order that the contract be rebid to a more desirable bidder. *Gull Airborne Instruments, Inc. v. Weinberger*, 694 F.2d 838, 846 (D.C.Cir.1982) (if a contract has been satisfactorily performed, there is no justification for re-awarding the contract to a more deserving bidder). Because the contract here has been substantially completed, an injunction barring use of the past performance evaluation *in this contract* is not a

realistic remedy. *Id.; James Luterbach Construction Co., Inc. v. Adamkus,* 781 F.2d 599, 602 (7th Cir.1986); *Owen of Georgia v. Shelby County,* 648 F.2d 1084, 1094 (6th Cir. 1981); *Dan Caputo Co. v. Russian River County Sanitation District,* 749 F.2d 571, 574 (9th Cir.1984). Therefore, we dismiss as moot Forestry's claim for injunctive relief barring use of the past performance evaluation in the protested contract.

█ Second, as to use of the past performance evaluation of Forestry in *future* contracts, this court does not have equitable jurisdiction to direct an agency regarding such future contracts. The plain language of our bid protest jurisdiction covers "action[s] by an interested party objecting to a solicitation by a Federal agency for bids or *proposals for a proposed contract* or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a *proposed procurement.*" 28 U.S.C. § 1491(b)(1) (emphasis added). Forestry does not identify any proposed procurements; rather, it requests an injunction barring the government from "using or reporting the derogatory information in the evaluation of any other contract outside the subject agency." Am. Pet. ¶ 18(A). Thus, no action can be maintained regarding future, and at this point, speculative, contracts, and Forestry's claim for injunctive relief barring use of the negative evaluation for future contracts is also dismissed.

## C. PLAINTIFF'S MOTION TO STRIKE THE GOVERNMENT'S AFFIDAVIT

Finally, Forestry moves this court to strike the contracting officer's affidavit that accompanied the government's motion to dismiss, alleging it is outside the scope of review of a motion to dismiss. Whether a motion to dismiss is based on lack of subject matter jurisdiction or failure to state a claim, Forestry claims that "the allegations of the complaint should be construed favorably to the pleader." (Pl.'s Mot. Strike ¶ 2, citing to *Scheuer v. Rhodes,* 416 U.S. at 236, 94 S.Ct. 1683). Thus, argues Forestry, the court must accept the factual allegations of its complaint as true without reference to the government's declaration.

█ The government's motion to dismiss challenges this court's subject matter jurisdiction. When our subject matter jurisdiction is in question, the court is entitled to look beyond the pleadings to consider *all* available evidence in order to determine jurisdiction. *RHI Holdings,* 142 F.3d at 1461; *Rocovich v. United States,* 933 F.2d 991, 993 (Fed.Cir.1991). We are thus entitled to look at affidavits submitted by the government that are relevant to this court's jurisdiction. Therefore, Forestry's motion to strike the government's affidavit is denied.

### CONCLUSION

The government's motion requesting dismissal of Forestry's claim for an injunction barring the Department of Agriculture from using past performance information in the protested contract and in any future contracts is GRANTED. Forestry's motions to dismiss without prejudice its claim for an injunction barring use of a negative evaluation of past performance and to strike the government's affidavit of the contracting officer accompanying its motion to dismiss are both DENIED.

█ All is not lost for Forestry, however. Where one form of relief has become moot, the case nevertheless survives if there is a remaining claim for damages. *Gull Airborne,* 694 F.2d at 846 n. 10; *Luterbach,* 781 F.2d at 602; *Owen of Georgia,* 648 F.2d at 1094; *Ervin and Associates v. Dunlap,* 33 F.Supp.2d 1, 13 (D.D.C.1997). Thus, even though an injunction cannot be granted, on this record, terminating the protested contract, Forestry has a surviving damages claim for bid preparation costs, attorneys' fees, and costs. We will next proceed to the merits on these issues in this case. The parties shall file, on or before July 21, 1999, a *joint* memorandum advising the court how they wish to proceed in resolving the remaining issues in this case.

IT IS SO ORDERED.