**Arthur E. MARCINKOWSKY,
pro se, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 98–880T.**

United States Court of Federal Claims.

Aug. 17, 1999.

Arthur E. Marcinkowsky, Charleston, WV, pro se.

Elizabeth D. Seward, Washington, D.C., with whom were Assistant Attorney General Loretta C. Argrett, and Chief, Court of Federal Claims Section Mildred L. Seidman.

### Order and Opinion [1]

WEINSTEIN, Judge.

This case involves a disagreement over whether the Internal Revenue Service (IRS) properly considered as wages the proceeds of a settlement plaintiff received in connection with a claim against his former employer under the Age Discrimination Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621–634. The case is before the court on defendant's motion to dismiss the complaint pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (lack of jurisdiction). Defendant moved to dismiss plaintiff's complaint claiming income and Federal Income Contributions Act (FICA), I.R.C. § 3101,[2] refunds as barred by the applicable statutes of limitations. Oral argument was not requested. For the reasons set forth below, defendant's motion is granted.

### Facts

Plaintiff timely paid taxes for the 1993 tax year. Subsequently, plaintiff filed two claims for refunds with the IRS regarding the treatment of the settlement award. On July 25, 1994, plaintiff filed an amended return with the IRS claiming an income tax refund of $26,612 on the grounds that the settlement proceeds were excludable from gross income under I.R.C. § 104(a)(2), as a payment in settlement of a personal injury claim. On September 20, 1994, the IRS issued a notice of claim disallowance. No later than June 2, 1995, plaintiff filed a Form 843 Claim for Refund and Request for Abatement for $6,021.20 in FICA taxes,[3] claiming that the Social Security Administration had ruled that the settlement award did not constitute wages subject to FICA. On August 21, 1995,

---

1. This opinion, originally was filed unpublished on July 30, 1999. On August 5, 1999, defendant moved to publish this opinion. Plaintiff has not filed an opposition to this request. The opinion is now issued for publication.

2. I.R.C. section references are to the Internal Revenue Code of 1986 as codified at 26 U.S.C.,

as amended and in effect at the relevant time, unless provided otherwise.

3. These amounts are not found in plaintiff's complaint. Instead, they are the amounts he claimed on his original refund requests. *See* Defendant's Motion to Dismiss, filed Jan. 29, 1999, Appendix B at 19, 36.

the IRS issued another notice of claim disallowance.

Both claim disallowance notices were sent by certified mail and stated, in relevant part:

This letter is your legal notice that we have disallowed your claim(s). If you want to sue to recover tax, penalties, or other amounts, you may file a lawsuit with the United States District Court having jurisdiction or with the United States Claims Court. These courts are independent bodies and have no connection with the Internal Revenue Service.

The law permits you to do this within 2 years from the mailing date of this letter. If you decide to appeal our decision first, the two-year period still begins from the mailing date of this letter.

Plaintiff appealed both disallowances administratively. On July 10, 1995, plaintiff appealed the disallowance of his income tax refund claim, offering information intended to convince the IRS that the settlement did not include wages, and asserting that he would sue in a United States district court if his appeal were denied. On May 1, 1996, plaintiff appealed the disallowance of his FICA refund claim.[4]

Plaintiff and the IRS corresponded regarding plaintiff's refund claims until 1998, when the regional taxpayer advocate forwarded a copy of an April 24, 1998 letter from the district director of the Virginia–West Virginia District, stating that the IRS still considered plaintiff's settlement proceeds as wages reportable as gross income. The letter informed plaintiff that he could appeal the agency's decision by filing suit in the Federal District Court or the "Federal Court of Claims [sic]," and that the IRS, by providing the information in the letter, considered his case closed.

On November 16, 1998, plaintiff filed his complaint here, alleging that, by agreement between the parties to the settlement, the settlement proceeds did not constitute wages, and that the IRS never[5] satisfactorily addressed his evidence during the administrative appeal. Plaintiff requests a refund of taxes paid on the settlement, costs, declaratory and injunctive relief, and reasonable attorney's fees.

### Discussion

All federal courts are courts of limited jurisdiction, and the court must consider its jurisdiction before it considers the merits of a claim. *See Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 374, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). The jurisdiction of the United States Court of Federal Claims is limited "to the metes and bounds of the United States' consent to be sued in its waiver of [sovereign] immunity." *RHI Holdings, Inc. v. United States,* 142 F.3d 1459, 1461 (Fed.Cir.1998) (citing *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941)). In this case, the court's jurisdiction over plaintiff's refund suit falls under 28 U.S.C. § 1491 and I.R.C. § 7422(a). The court's jurisdiction under I.R.C. § 7422(a) is limited by the statute of limitations in I.R.C. § 6532(a). *See RHI Holdings,* 142 F.3d at 1461.

In evaluating a motion to dismiss, the court construes all allegations in favor of the non-moving party. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). "If a motion to dismiss for lack of

---

4. According to defendant, neither the July 10, 1995 nor the May 1, 1996 letters appear in the IRS administrative files. Defendant's Reply, filed March 19, 1999, at 3 and n. 3. The IRS is entitled to the presumption that its administrative files are correctly kept. *See Sun Oil Co. v. United States,* 215 Ct.Cl. 716, 572 F.2d 786, 805 (1978). Plaintiff alleges no facts to rebut this presumption. Nevertheless, for the purpose of evaluating defendant's motion to dismiss, the court presumes, in plaintiff's favor, that these letters in fact were sent. *See Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 747 (Fed.Cir. 1988).

5. While the issue need not be reached in this case, involving a motion to dismiss for lack of jurisdiction, the court notes that the IRS is not bound by the characterization of private or public entities regarding the proper treatment of income. *See Commissioner v. Duberstein,* 363 U.S. 278, 286, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960) ("parties' expectations or hopes as to the tax treatment of their conduct in themselves have nothing to do with the matter"); *Hemelt v. United States,* 122 F.3d 204, 208 (4th Cir.1997) ("characterization of a settlement cannot depend entirely on the intent of the parties").

subject matter jurisdiction, however, challenges the truth of jurisdictional facts alleged in the complaint, [the court] may consider relevant evidence in order to resolve the factual dispute." *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 747 (Fed. Cir.1988); *see also Cedars–Sinai Med. Ctr. v. Watkins,* 11 F.3d 1573, 1584 (Fed.Cir.1993) (when jurisdiction is at issue, the court is not limited to the pleadings). In any event, the ultimate burden of establishing jurisdiction rests on plaintiff. *See Rocovich v. United States,* 933 F.2d 991, 993 (Fed.Cir.1991).

### Statute of Limitations

■ Defendant contends that the two-year statute of limitations in I.R.C. § 6532(a) limits the waiver of sovereign immunity in I.R.C. § 7422(a) and bars plaintiff's refund suit.

I.R.C. § 6532(a) provides, in relevant part:

(1) General rule.—No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun ... after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

(2) Extension of time.—The 2–year period prescribed in paragraph (1) shall be extended for such period as may be agreed upon in writing between the taxpayer and the Secretary.

\* \* \* \* \* \*

(4) Reconsideration after mailing of notice.—Any consideration, reconsideration, or action by the Secretary with respect to such claim following the mailing of a notice by certified mail or registered mail of disallowance shall not operate to extend the period within which suit may be begun.

The plain language of the statute dictates that plaintiff must show that he filed his complaint within two years after the IRS mailed each notice of disallowance, or that the 2–year periods were extended until at least the date the complaint was filed in this court.

The IRS, by certified mail, sent plaintiff statutory notices of disallowance of his income tax claim and his claim for refund of FICA taxes on September 20, 1994 and August 21, 1995, respectively. Plaintiff filed his refund complaint here on November 16, 1998, more than four years after the first notice and more than three years after the second notice was mailed. Accordingly, unless the period was extended, plaintiff's suit is barred by the 2–year statute of limitations in § 6532(a)(1).

Plaintiff does not argue that the statute of limitations was extended by a § 6532(a)(2) agreement. Instead, plaintiff argues primarily that the IRS's acts during his administrative appeal extended the statute by implication.

Plaintiff's argument that the IRS's actions during his administrative appeal extended the statutory period (or equitably tolled it) by implication must be rejected. Section 6532(a) "does not contain an implied 'equitable' exception," especially not one based on "actions of the IRS after a notice [of disallowance] is mailed." *RHI Holdings,* 142 F.3d at 1462 ("[§ 6532(a)(4)'s] language explicitly prohibits equitable considerations based on the actions of the IRS after a notice [of disallowance] is mailed").

Even construing the complaint liberally in plaintiff's favor, *see Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the court finds no grounds for tolling the statute of limitations. Plaintiff does not even allege that the IRS orally withdrew a mailed notice of disallowance. *See Haber v. United States,* 831 F.2d 1051, 1053–54 (Fed. Cir.1987) (statute equitably tolled when the IRS specifically stated that the notice of disallowance had been withdrawn during administrative appeal).

Courts have held that if the IRS, having already sent a notice of disallowance for a particular claim, sends a second notice of disallowance regarding the same claim that meets the requirements of § 6532(a)(1), equitable considerations could allow the taxpayer an additional two years from the date the second notice of disallowance was mailed to file his claim. *See Southeast Bank of Orlando v. United States,* 230 Ct.Cl. 277, 676 F.2d

660, 663–64 (1982); *Miller v. United States,* 500 F.2d 1007, 1009–11 (2d Cir.1974). Even assuming that these cases remain good law (*cf. RHI's* holding that § 6532(a) does not contain an implied equitable exception, 142 F.3d at 1462–63), they do not extend the time allowed for suit when, as here, there is no second "equally formal" notice of disallowance of either claim that could confuse the taxpayer. *See Rosser v. United States,* 9 F.3d 1519, 1523 (11th Cir.1993); *First Ala. Bank v. United States,* 981 F.2d 1226, 1229 (11th Cir.1993); *L & H Co. v. United States,* 963 F.2d 949, 952 (7th Cir.1992).

An "equally formal" notice of disallowance must expressly grant the taxpayer two years to sue, *see Rosser,* 9 F.3d at 1523; *First Ala.,* 981 F.2d at 1229; *L & H Co.,* 963 F.2d at 952, and must be sent by certified or registered mail as required by § 6532(a)(1). *See Thomas v. United States,* 166 F.3d 825, 830 (6th Cir.1999). Plaintiff does not even allege that he received such a letter. Accordingly, this is an inadequate basis for tolling the statute.

### Declaratory and Injunctive Relief

Plaintiff's complaint also asks the court for declaratory and injunctive relief. However, except in narrow circumstances inapplicable here, this court lacks jurisdiction to consider claims for injunctive and declaratory relief. *See United States v. King,* 395 U.S. 1, 2–3, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969); *see also National Air Traffic Controllers Ass'n v. United States,* 160 F.3d 714, 716 (Fed.Cir.1998) (United States Court of Federal Claims has no jurisdiction to grant equitable relief when it is unrelated to a claim for monetary relief pending before the court even if it might assist the claimant in obtaining monetary benefits in another forum); *Brown v. United States,* 105 F.3d 621, 624 (Fed.Cir.1997) (taxpayers' claims for declaratory and injunctive relief were outside jurisdiction of United States Court of Federal Claims); *Kanemoto v. Reno,* 41 F.3d 641, 644–45 (Fed.Cir.1994) (declaratory and injunctive relief allowed only if statute specifically provides).

### Fraud

Plaintiff also appears to allege that the IRS fraudulently tricked plaintiff into missing the statute of limitations and that, thus, "[the] entire action by the IRS is a clear violation of the Plaintiff's civil rights." Plaintiff's Reply, filed April 14, 1999, at 4.

However, this court lacks jurisdiction over tort claims against the United States government. *See* 28 U.S.C. § 1491(a); *Keene Corp. v. United States,* 508 U.S. 200, 214, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993); *Brown,* 105 F.3d at 623 (Fed.Cir.1997) (allegations of fraud in tax assessment sound in tort). The court also lacks jurisdiction over claims based on violations of plaintiff's civil rights. *See Elkins v. United States,* 229 Ct.Cl. 607, 1981 WL 22073 (1981) (*pro se* plaintiff's allegations of civil rights violations not within court's jurisdiction because they do not require the United States to pay money damages).

### Conclusion

For the forgoing reasons, defendant's motion to dismiss for lack of jurisdiction is granted, without prejudice.[6] The clerk is directed to enter judgment of dismissal accordingly.

---

6. A dismissal for lack of jurisdiction under RCFC 12(b)(1) is without prejudice. Trial courts may not reach the merits of a case before ascertaining that they have jurisdiction. *RHI Holdings,* 142 F.3d at 1459. A plaintiff's failure to meet the requirements of a statute of limitation bars jurisdiction over tax refund suits.