**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRENCH LAUNDRY PARTNERS, LP, DBA The French Laundry; KRM, INC., DBA Thomas Keller Restaurant; YOUNTVILLE FOOD EMPORIUM, LLC, DBA Bouchon Bistro, | No. 21-15927 D.C. No. 3:20-cv-04540-JSC |
| *Plaintiffs-Appellants,* | |
| v. | ORDER CERTIFYING QUESTION TO THE SUPREME COURT OF CALIFORNIA |
| HARTFORD FIRE INSURANCE COMPANY, | |
| *Defendant-Appellee,* | |
| and | |
| TRUMBULL INSURANCE COMPANY; KAREN RELUCIO, | |
| *Defendants.* | |

Filed February 6, 2023

Before: Consuelo M. Callahan, Ryan D. Nelson, and Holly A. Thomas, Circuit Judges.

## SUMMARY[*]

### Certification Order / California Law

The panel certified the following question to the Supreme Court of California:

> Is the virus exclusion in French Laundry's insurance policy unenforceable because enforcing it would render illusory a limited virus coverage provision allowing for the possibility of coverage for business losses and extra expenses allegedly caused by the presence and impacts of COVID-19 at an insured's properties, including the loss of business due to a civil authority closure order?

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## ORDER

We respectfully ask the Supreme Court of California to answer the certified question presented below, pursuant to California Rule of Court 8.548, because we have concluded that resolution of this question of California law "could determine the outcome of a matter pending in [this] court," and "[t]here is no controlling precedent" in the decisions of the Supreme Court of California. Cal. R. Ct. 8.548(a).

This case involves an insured who sued for declaratory judgment that its insurance policy provides coverage for its losses arising from the COVID-19 pandemic. At issue here is whether the policy's virus exclusion is enforceable and precludes coverage.

## I

We briefly summarize the material facts. *See* Cal. R. Ct. 8.548(b)(3). French Laundry Partners, LP ("French Laundry") operates two restaurants in Napa County, CA. After the COVID-19 pandemic began in early 2020, government closure orders forced French Laundry to shut down its restaurants, resulting in economic losses. French Laundry sought and was denied coverage for its losses from the issuer of its insurance policy, Hartford Fire Insurance Co. ("Hartford"). In response, French Laundry filed an action in state superior court, which was removed to federal court.

French Laundry seeks coverage under several provisions of its policy, two of which are at issue here. The policy contains a "Virus Exclusion" provision stating that Hartford "will not pay for loss or damage caused directly or indirectly by any of the following . . . [p]resence, growth, proliferation, spread or any activity of . . . virus." This exclusion, however, does not apply to coverage otherwise provided by the

"Fungus, Wet Rot, Dry Rot, Bacteria and Virus - Limited Coverage" provision of the policy, which allows for recovery of certain loss or damage caused by fungus, wet or dry rot, bacteria, or virus, assuming one of the listed risks was the result of one of the listed causes. Among other points raised in this appeal, French Laundry argues that the virus exclusion cannot be construed to preclude coverage because such a construction would render the limited virus coverage illusory.

Hartford filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and the district court dismissed the case based on a finding that the virus exclusion was enforceable and barred any coverage.

## II

Because California law governs interpretation of the policy and the Supreme Court of California has not yet considered the issue, we "must determine what result [that] court would reach based on state appellate court opinions, statutes and treatises." *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021) (quoting *Diaz v. Kubler Corp.*, 785 F.3d 1326, 1329 (9th Cir. 2015)).

When this case was initially decided by the district court in April of 2021, there was limited state case law discussing the application of insurance provisions to COVID-19-related losses. Since that time, at least two California Courts of Appeal have addressed policies containing virus exclusion terms. *See Musso & Frank Grill Co., Inc. v. Mitsui Sumitomo Ins. USA Inc.*, 77 Cal. App. 5th 753 (2022); *John's Grill, Inc. v. Hartford Fin. Servs. Grp., Inc.*, 86 Cal. App. 5th 1195 (2022). Relevant here, in *John's Grill*, the court analyzed the interaction of a virus exclusion term and a limited virus coverage provision in a policy issued by the

same insurance company in this case and held, as French Laundry urges, that the exclusion could not be enforced because it would render the limited virus coverage illusory.

In California, and indeed nationwide, a multitude of COVID-19-related insurance cases are moving through the judicial process. Courts at both the state and federal level are grappling with the application of California insurance contract interpretation law to coverage for losses from business shutdowns due to government closure orders in response to COVID-19. While both state and federal courts have published opinions providing some guidance, there remains much uncertainty as to how California law applies in many scenarios (such as the scenario presented in this case).

The prevalence of and uncertainty surrounding COVID-19 insurance litigation is underscored by our certification to the Supreme Court of California on December 28, 2022, in another case asking whether the actual or potential presence of the COVID-19 virus can constitute "direct physical loss or damage to property" for the purposes of coverage under an insurance policy. *See Another Planet Ent., LLC v. Vigilant Ins. Co.*, 56 F.4th 730 (9th Cir. 2022). We believe the Supreme Court of California may gain some efficiencies through concurrent consideration of our certification in this case.

The answer to our certified question "could determine the outcome of [this] matter," Cal. R. Ct. 8.548(b)(4), because if there is a possibility that the virus exclusion does not preclude coverage, we would remand to the district court for further proceedings. Alternatively, if the virus exclusion does bar coverage in this situation, we would affirm the district court's order dismissing this case. Furthermore,

interpretation of insurance policies in the COVID-19 context has important public policy ramifications and would be applicable to pending cases in both state and federal courts. *See Vasquez v. Jan-Pro Franchising, Int'l, Inc.*, 939 F.3d 1045, 1048 (9th Cir. 2019).

## III

In light of the foregoing discussion, and because the answer to this question "could determine the outcome of a matter pending in [this] court," Cal. R. Ct. 8.548(a), we respectfully certify to the Supreme Court of California the following question:

> Is the virus exclusion in French Laundry's insurance policy unenforceable because enforcing it would render illusory a limited virus coverage provision allowing for the possibility of coverage for business losses and extra expenses allegedly caused by the presence and impacts of COVID-19 at an insured's properties, including the loss of business due to a civil authority closure order?

We do not intend our framing of this question to restrict the Supreme Court of California's consideration of any issues that it determines are relevant. Moreover, should the Supreme Court of California decide to consider the certified question, it may, in its discretion, reformulate the question. *Broad v. Mannesmann Anlagenbau AG*, 196 F.3d 1075, 1076 (9th Cir. 1999). We will accept the decision of the Supreme Court of California on this question. *See* Cal. R. Ct. 8.548(b)(2).

If the Supreme Court of California accepts review of the certified question, we designate Appellant French Laundry Partners, LP as the petitioner pursuant to California Rule of Court 8.548(b)(1).  The clerk of our court is hereby ordered to transmit forthwith to the Supreme Court of California, under official seal of the United States Court of Appeals for the Ninth Circuit, a copy of this order and all relevant briefs and excerpts of record, along with a certificate of service on the parties.  Cal. R. Ct. 8.548(c), (d).

Further proceedings in our court are stayed pending the Supreme Court of California's decision on whether it will accept review, and if so, receipt of the answer to the certified question.  This case is withdrawn from submission until further order of this court.  The Clerk is directed to administratively close this docket, pending further order.

The panel will resume control and jurisdiction on the certified question upon receiving an answer to the certified question or upon the Supreme Court of California's decision to decline the certified question.  The parties shall file a joint report informing the court of the Supreme Court of California's decision within 10 days after the Supreme Court of California decides whether or not to accept the certified question. If the Supreme Court of California accepts the certified question, the parties shall file a joint status report every six months after the date of the acceptance, or more frequently if circumstances warrant.

It is so **ORDERED**.