NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 6 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HP TOWER INVESTMENTS, LLC, DBA Beach Spa, a California limited liability company; IRVINE FAMILY SPA, INC., DBA I Spa, | No. 21-56240 |
| Plaintiffs-Appellants, | D.C. No. 8:21-cv-01369-CJC-KES |
| v. | MEMORANDUM* |
| NATIONWIDE MUTUAL INSURANCE COMPANY, an entity of unknown nature; NATIONWIDE INSURANCE COMPANY, an entity of unknown nature, | |
| Defendants-Appellees, | |
| and | |
| DOES, 1 through 20, inclusive, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted December 5, 2022**
Pasadena, California

Before:  M. SMITH, COLLINS, and LEE, Circuit Judges.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

Plaintiffs are two spa businesses that seek coverage from their insurer, Nationwide Mutual Insurance Co., for losses sustained as a result of the Covid pandemic. The district court dismissed Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6), and we affirm.

Plaintiffs' policies, which are substantially identical, provide coverage for "direct physical loss of or damage to Covered Property" at the insured premises that is "caused by or resulting from any Covered Cause of Loss." "Covered Cause[] of Loss means direct physical loss unless the loss is excluded or limited in this policy." The policies also contain certain additional coverages, each of which also requires a showing of either "direct physical loss of" or "damage to" property at the insured premises or other property nearby. Plaintiffs' complaint alleges that the requirement to show "direct physical loss of" or "damage to" property is met because, due to "fear and apprehension by members of the public" and "various government orders," Plaintiffs suffered "a direct physical loss of the subject properties." The complaint alleges that "[t]here is no indication that any person contracted the virus while on premises" and that, as a result, "[t]he true cause of plaintiffs' losses are the pandemic and associated fear."

Plaintiffs' theory of coverage is squarely foreclosed by our decision in *Mudpie, Inc. v. Travelers Casualty Insurance Co. of America*, 15 F.4th 885 (9th Cir. 2021). There, we rejected the contention that a "direct physical loss of or

2

damage to" property was "synonymous with 'loss of use.'" *Id*. at 892. To establish coverage under such language, an insured must, at minimum, "allege physical alteration of its property" and not merely a loss of use or decline in customer volume. *Id.*; *see also United Talent Agency v. Vigilant Ins. Co.*, 293 Cal. Rptr. 3d 65, 75 (Ct. App. 2022) (holding that "mere loss of use of physical property to generate business income, without any other physical impact on the property, does not give rise to coverage for direct physical loss" (quoting *Inns-by-the-Sea v. Cal. Mut. Ins. Co.*, 286 Cal. Rptr. 3d 576, 591 (Ct. App. 2021))).

Plaintiffs' theory of coverage also fails for the second and independent reason that the policies contain an exclusion for "loss or damage caused by or resulting from any *virus*, bacterium or other micro-organism that induces or is capable of inducing physical distress, illness or disease" (emphasis added). In *Mudpie*, we held that materially identical language barred coverage for business losses resulting from Covid-related orders. 15 F.4th at 893–94. Although the immediate cause of the losses were governmental orders, those orders were "issued in response to the COVID-19 pandemic." *Id*. at 894. That reasoning is controlling here. And to the extent that Plaintiffs rely on customers' fear, rather than government orders, that fear was likewise caused by "the spread of the virus throughout California." *Id*. *Mudpie* is controlling on this point as well, and the virus exclusion in Plaintiff's policies bars their claims for coverage.

3

We further conclude that the district court did not err in dismissing the complaint without leave to amend. Plaintiff has failed to identify any plausible amendments that could cure these defects, and so leave to amend would be futile. *Universal Mortg. Co. v. Prudential Ins. Co.*, 799 F.2d 458, 459 (9th Cir. 1986).

Certification to the California Supreme Court is likewise unwarranted. Although we recently certified two questions to the California Supreme Court concerning coverage issues relating to the pandemic, neither has any bearing on this case. In *Another Planet Entertainment., LLC v. Vigilant Insurance Co.*, 56 F.4th 730 (9th Cir. 2022), we certified the question of whether "the actual or potential presence of the COVID-19 virus on an insured's premises constitute[s] 'direct physical loss or damage to property,'" *id*. at 734, but Plaintiffs here expressly confirmed in their appellate brief that they "not only do not allege, but actually deny, that any virus was present on the subject properties." In *French Laundry Partners, LP v. Hartford Fire Insurance Co.*, 58 F.4th 1305 (9th Cir. 2023), we certified a question concerning language in a virus exclusion that has no counterpart here. The two alternative reasons why Plaintiffs' claims fail are clear, and neither issue warrants certification to the California Supreme Court. *See* CAL. R. CT. 8.548(a)(2) (stating that certification is appropriate only where "[t]here is no controlling precedent").

**AFFIRMED.**